Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 24, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                              Plaintiff,

        v.

JOSE FILIBERTO ARIZA, JR.,

                              Defendant.

2:20-CR-00139-WFN

Plea Agreement

        Plaintiff, United States of America, by and through Joseph H. Harrington,

Acting United States Attorney for the Eastern District of Washington, and Patrick J.

Cashman, Assistant United States Attorney for the Eastern District of Washington,

and Defendant and the Defendant's counsel, Colin Prince, agree to the following Plea

Agreement:

        1)      Guilty Plea and Maximum Statutory Penalties:

        The Defendant agrees to plead guilty to the sole count of the Indictment filed on

October 21, 2020, charging the Defendant with Felon in Possession of Ammunition,

in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The Defendant understands that the

charge contained in the Indictment is a Class C felony.  The Defendant also

understands that the maximum statutory penalty for Felon in Possession of

Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), is:  (1) not more than

*United States v. Jose Filiberto Ariza, Jr.* - Plea Agreement - 1

1   10 years imprisonment; (2) a fine not to exceed $250,000; (3) a term of supervised
2   release of not more than 3 years; and (4) a $100 special penalty assessment.
3          The Defendant understands that a violation of a condition of supervised release
4   carries an additional penalty of re-imprisonment for all or part of the term of
5   supervised release without credit for time previously served on post-release
6   supervision.
7          2)    The Court is Not a Party to the Agreement:
8          The Court is not a party to this Plea Agreement and may accept or reject this
9   Plea Agreement.  Sentencing is a matter that is solely within the discretion of the
10  Court.  The Defendant understands that the Court is under no obligation to accept any
11  recommendations made by the United States and/or by the Defendant; that the Court
12  will obtain an independent report and sentencing recommendation from the U.S.
13  Probation Office; and that the Court may, in its discretion, impose any sentence it
14  deems appropriate up to the statutory maximums stated in this Plea Agreement.
15  The Defendant acknowledges that no promises of any type have been made to the
16  Defendant with respect to the sentence the Court will impose in this matter.  The
17  Defendant understands that the Court is required to consider the applicable sentencing
18  guideline range, but may depart upward or downward under the appropriate
19  circumstances.
20         The Defendant also understands that should the sentencing judge decide not to
21  accept any of the parties' recommendations, that decision is not a basis for
22  withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.
23         3)    Waiver of Constitutional Rights:
24         The Defendant understands that by entering this plea of guilty the Defendant is
25  knowingly and voluntarily waiving certain constitutional rights, including:
26         a)    The right to a jury trial;
27         b)    The right to see, hear and question the witnesses;
28         c)    The right to remain silent at trial;

*United States v. Jose Filiberto Ariza, Jr.* - Plea Agreement - 2

d)    The right to testify at trial; and

e)    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4)    Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), the United States would have to prove beyond a reasonable doubt the following elements:

First, on or about July 2, 2019, the Defendant, in the Eastern District of Washington, knowingly possessed a single round of Federal, .45 Auto caliber ammunition, bearing head stamp "Federal 45 Auto";

Second, the ammunition had been shipped or transported in interstate or foreign commerce;

Third, at the time the Defendant possessed the ammunition, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, at the time the Defendant possessed the ammunition, the Defendant knew he had been convicted of a prior felony offense.

5)    Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for

1  sentencing purposes, additional facts which are relevant to the guideline computation

2  or sentencing, unless otherwise prohibited in this agreement.

3      On July 2, 2019, the Defendant reported to Washington DOC Officer Derek

4  Bumgarner, located at 1821 North Maple Street, Spokane, Washington, within the

5  Eastern District of Washington.  DOC Officer Bumgarner escorted the Defendant to

6  the restroom for a urinalysis test.  Prior to starting the test, the Defendant emptied his

7  pocket.  DOC Officer Bumgarner observed that the Defendant removed one round of

8  ammunition from his pocket.  DOC Officer Bumgarner seized the round of

9  ammunition and upon closer inspection saw that it was a Federal, .45 ACP caliber

10  round of ammunition.  Without questioning, the Defendant apologized and said he

11  picked up the ammunition on the way to the office.

12      On January 28, 2020, SA James Butler conducted an interstate nexus

13  examination of the ammunition.  SA Butler determined that the ammunition was one

14  round of .45 Auto caliber Federal Ammunition that was manufactured in either

15  Minnesota or Idaho.  Based upon his examination SA Butler determined the

16  ammunition was manufacture outside of the State of Washington, therefore it travelled

17  in interstate commerce.

18      The Defendant has previously been convicted of felony offenses in both State

19  and Federal courts.  The Defendant stipulates at the time of his possession of the

20  ammunition he knew he was a convicted felon.

21      6)      The United States Agrees Not to File Additional Charges:

22      The United States Attorney's Office for the Eastern District of Washington

23  agrees not to bring any additional charges against the Defendant based upon

24  information in its possession at the time of this Plea Agreement and arising out of

25  Defendant's conduct involving illegal activity charged in this Indictment, unless the

26  Defendant breaches this Plea Agreement any time before or after sentencing.

27  //

28  //

*United States v. Jose Filiberto Ariza, Jr.* - Plea Agreement - 4

7)    United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a)    Base Offense Level:

The United States and the Defendant agree that the base offense level for Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) is 14. *See* USSG §2K2.1(a)(6).

b)    Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than March 24, 2021, the United States will recommend that the Defendant receive a two (2) level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a two (2) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

c)    Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report.  The United States and the Defendant have made no agreement and make no

representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

8)   Departures/Variance:

The Defendant intends to request a downward departure from the sentencing guidelines.  The United States reserves its right to oppose any downward departure.

9)   Incarceration:

The United States agrees to recommend that the Court impose a sentence at the low-end of the applicable sentencing guideline range as determined by the Court.  The Defendant may recommend any legal sentence he deems appropriate.

Additionally, the United States agrees to recommend any sentence imposed in 16-CR-00084-WFN-1 (Supervised Release) be run concurrent to any sentence imposed in this matter.

10)   Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

11)   Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a 3 year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

a) that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs; and

b) that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

12)   Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing,

pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13) <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14) <u>Abandonment</u>

The Defendant agrees to abandon the following listed ammunition to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF): a single round of Federal, .45 Auto caliber ammunition, bearing head stamp, "Federal 45 Auto"

The Defendant agrees to take all steps as requested by the United States and ATF to effectuate the abandonment of the above-listed ammunition to ATF and hereby agrees to execute any and all forms and pleadings necessary to effectuate such abandonment. The Defendant consents to the disposal, including destruction, of the ammunition.

The Defendant waives any right he might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that ATF might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the ammunition. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of assets, including any such claim for attorney fees and litigation costs.

15) <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the

Defendant is charged or convicted of any criminal offense whatsoever or if the
Defendant tests positive for any controlled substance.

16) Appeal Rights:

Defendant understands that he has a limited right to appeal or challenge the
conviction and sentence imposed by the Court.  Defendant hereby expressly waives
his right to appeal his conviction and the sentence the Court imposes.  Defendant
further expressly waives his right to file any post-conviction motion attacking his
conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one
based upon ineffective assistance of counsel based on information not now known by
Defendant and which, in the exercise of due diligence, could not be known by
Defendant by the time the Court imposes the sentence.

Should the Defendant successfully move to withdraw from this Plea Agreement
or should the Defendant's conviction on the sole count of the Indictment be dismissed,
set aside, vacated, or reversed, this Plea Agreement shall become null and void; the
United States may move to reinstate all counts of Indictment No. 2:20-CR-00139-
WFN; and the United States may prosecute the Defendant on all available charges
involving or arising from July 2, 2019.  Nothing in this Plea Agreement shall preclude
the United States from opposing any post-conviction motion for a reduction of
sentence or other attack of the conviction or sentence, including, but not limited to,
proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

However, nothing precludes the United States or the Defendant from appealing
an illegal sentence or one not in accordance with the correct application of the
sentencing guidelines, consistent with the terms of this plea.

//
//
//
//
//

17)    <u>Integration Clause:</u>

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case.  This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities.  The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney


_____          3/23/2021
Patrick J. Cashman                        Date
Assistant U.S. Attorney

*United States v. Jose Filiberto Ariza, Jr.* - Plea Agreement - 9

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____          _____3/24/21_____
Jose Filiberto Ariza, Jr.                         Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____          _____3/24/21_____
Colin Prince                                         Date
Attorney for the Defendant